IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALTER WESTMORELAND, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 23-396-KD-MU |
| | ) | |
| LEONARD WITT and | ) | |
| JOHN KUHLMEYER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On October 19, 2023, Plaintiff filed his Complaint for Employment Discrimination, *pro se*, against Defendants Leonard Witt and John Kuhlmeyer. (Doc. 1). The complaint describes Witt as the General Manager of Walmart Distribution and Kuhlmeyer as Assistant General Manager. (*Id.* at PageID. 2). Each Defendant filed a Motion to Dismiss for failure to state a claim. (Docs. 6 and 8). Plaintiff responded by filing a response titled "Reason to Hear Claim" (Doc. 10), and Defendants filed a joint reply (Doc. 11). The motions to dismiss have been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED** and that this action be **DISMISSED** with prejudice.

## STANDARD OF REVIEW

To state a claim for relief, Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While the court must usually limit its review and consideration on a motion to dismiss to the complaint itself and exhibits attached thereto, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010).

## LEGAL ANALYSIS

Plaintiff was employed at a Walmart distribution center in Irvington, Alabama. (Doc. 1, PageID. 2). The only defendants named in the complaint are Leonard Witt, identified as the General Manager, and John Kuhlmeyer, identified as the Assistant General Manager. (*Id*.). The complaint alleges that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. gg 2000e to 2000e-17, by failing to promote Plaintiff and then terminating his employment because of his race and/or color.[1] (Doc. 1, PageID. 3). The only other facts in the complaint describing the alleged discrimination are in the Plaintiff's narrative, which states in its entirety:

> Walmart Distribution allows systemic racism within their organization. I was targeted by some very minimum educated caucasian male senior managers. They held me to a much higher standard than any other race of managers in the organization. They also practice harassment and bullying within the organization.

(*Id.* at PageID. 4). The complaint also states that Plaintiff received his Notice of Right to Sue letter ("RTS") from the EEOC on July 13, 2023. (*Id*. at PageID.5). The RTS was not attached to the complaint, but it has been provided as an Exhibit by Defendants and was issued on July 5, 2023. (Doc. 6-1).[2]

---

[1] The Court notes that Plaintiff also listed "Title VI" under the form complaint's section II. "Basis for Jursidiction." (Doc. 1, PageID. 3). However, Plaintiff did not provide any additional details on how his claim is brought pursuant to Title VI, and the Court does not see any basis for jurisdiction under Title VI. Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq., prohibits discrimination on the basis of race, color, or national origin in any program or activity *that receives federal funds or other federal financial assistance*. Because Plaintiff's complaint is based on his employment at a Walmart distribution center, his allegations do not fall within the scope of Title VI.

[2] Courts in the Eleventh Circuit have consistently found that the court may take judicial notice of EEOC records for the purposes of deciding a Motion to Dismiss because "these documents are all part of the EEOC's administrative record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *See Ellison v. Brennan*, No. 3:19- CV-726-J-34PDB, 2020 WL 2523287, at *2 (M.D. Fla. May 18, 2020), *aff'd sub nom.*

Defendants assert that the complaint is due to be dismissed because: (1) the suit is untimely, as it was not filed within 90 days of Plaintiff receiving his RTS, and (2) the individuals named as defendants in this suit were not Plaintiff's employer. The undersigned agrees with the grounds for dismissal outlined by Defendants and will address them each in turn.

1. **Plaintiff's Complaint is Untimely**

Plaintiff filed his Complaint against Defendants on October 19, 2023. (Doc. 1). In his complaint, he alleges he received his RTS on July 13, 2023. (Doc. 1). His action was, thus, filed at least ***98 days*** after Plaintiff himself asserts that he received his RTS, which is eight days after expiration of the 90-day period required by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1). Title VII, 42 U.S.C. § 2000e–5(f)(1), provides in relevant part as follows (emphasis added):

> If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved ***and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge*** (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

In his responsive pleading, Plaintiff does not dispute that he filed suit outside of the 90-day time limit set by Title VII. Instead, Plaintiff states, for the first time, that the

---

*Ellison v. Postmaster Gen., United States Postal Serv.*, No. 20-13112, 2022 WL 4726121 (11th Cir. Oct. 3, 2022) (quoting Fed. R. Evid. 201(b)(2)).

4

"complaint also falls under the equal pay act as well and allows [Plaintiff] up to 180 days after the incident to file and address this matter." (Doc. 10, PageID. 43). However, Plaintiff's complaint did not make an Equal Pay Act claim, and these comments in Plaintiff's "Reason to Hear Claim" are not sufficient to state an Equal Pay Act claim. Further, even if Plaintiff set forth allegations in his "Reason to Hear Claim" that amounted to an Equal Pay Act claim, those statements could not be considered in ruling on the motions to dismiss as they were not part of the complaint. *See Scottsdale Ins. Co. v. ULGM, Inc.*, No. 14-21084-CIV, 2014 WL 11906638, at *1 (S.D. Fla. July 14, 2014) ("[A] Rule 12(b)(6) motion to dismiss is to be determined only on the facts alleged within the four corners of the complaint and the documents attached to the complaint or directly referred to in the complaint.").

Moreover, the Court does not believe allowing Plaintiff to amend his complaint would cure this deficiency, as the Equal Pay Act prohibits wage discrimination on the basis of sex. The Act states that employers shall not discriminate "between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work…" 29 U.S.C. § 206(d)(1). Plaintiff has not made any statement or claim indicating that he was discriminated against on the basis of sex. Rather, Plaintiff has specifically alleged that he experienced discrimination on the basis of race and color. There are absolutely no allegations related to Plaintiff's sex either in the Complaint or in his Reason to Hear Claim. Further, there are no allegations related to employees of the opposite sex at all. Plaintiff states that he was "not paid equally to the other managers" and alleges that Defendants were compensated for supervising

multiple departments while he was not compensated for supervising multiple departments. (Doc. 10, PageID.43). Both of the Defendants are men. Plaintiff is alleging that other men were paid better than he was paid. This is not sufficient to state a claim under the Equal Pay Act because Plaintiff does not allege that "employees of the opposite sex" were paid more for equal work. 29 U.S.C. § 206(d)(1). As a result, the Equal Pay Act, and any extended statute of limitations it may provide, is not applicable to the facts presented and cannot save Plaintiff's claims.

**2. Defendants are Individuals and Not Plaintiff's Employer**

While the untimely filing of his complaint alone is sufficient grounds for dismissal, even if Plaintiff had timely filed his complaint, dismissal is appropriate because Defendants are individuals and not Plaintiff's employer as contemplated by Title VII. Title VII does not allow for individual capacity suits. *Busby v. City of Orlando*, 931 F. 2d 764, 772 (11th Cir. 1991) ("[I]ndividual capacity suits under Title VII are … inappropriate."); *see also Hopkins v. JPMorgan Chase and Co.*, 620 Fed. Appx. 880, 880 (11th Cir. 2015) ("[E]mployers, not individual employees, are liable for violations of Title VII."); *Albra v. Advan, Inc.,* 490 F. 3d 826, 832 (11th Cir. 2007) ("[A]lthough Title VII defines the term 'employer' to include 'persons,' and the term 'persons' is defined to include 'individuals,' 42 U.S.C. § 2000e(a)-(b), this court has long held that individuals are not amenable to private suite under Title VII."); *Connor v. Andrews*, No. CA 21-0112-TFM-MU, 2021 WL 4566721, at *5 (S.D. Ala. Aug. 24, 2021), *report and recommendation adopted*, 2021 WL 4556022 (S.D. Ala. Oct. 5, 2021) (dismissing the complaint with prejudice against an individual named as the sole defendant in a Title VII case). "Relief under Title VII is available against only the employer and not against individual employees whose actions

would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F. 3d 931, 933 (11th Cir. 2006) (emphasis in original).

Plaintiff named two individuals as defendants in this matter. Neither of these individuals were his employer. The complaint clearly states that Plaintiff's employer was "Walmart Distribution." (Doc. 1, PageID. 2). The allegations in the complaint do not specifically refer to Defendants, much less allege that Defendants are somehow Plaintiff's employer. (*Id.*). There is no basis upon which Plaintiff can bring a Title VII claim against these individual Defendants. As a result, Plaintiff's complaint fails to state a claim against Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

While this deficiency could potentially be cured by amending the complaint to name Plaintiff's employer instead of the individuals now named as defendants, Plaintiff still could not overcome the untimeliness of his complaint. Accordingly, the motions to dismiss are due to be granted.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 6 and 8) be **GRANTED**. Therefore, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED, with prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the **16th** day of **February, 2024.**

                              s/P. BRADLEY MURRAY
                              **UNITED STATES MAGISTRATE JUDGE**